SCHOOLS The University Hospital and Clinics. The authority to determine the need for the proposed structure and the corresponding determination of necessity for the issuance of revenue bonds to finance same is exclusively within the province of the University of Oklahoma Board of Regents. The sole criterion by which the Board of Regents is to be guided in the exercise of that discretion is the statutory requirement that the Board must first determine such structure to be necessary for the comfort, convenience and welfare of the students of the University and suitable for the purposes for which the University was established. The Attorney General has considered your request for an opinion wherein you state that The University of Oklahoma has proposed to issue revenue bonds under the provision of 70 O.S. 4001 [70-4001] — 70 O.S. 4014 [70-4014] (1971), inclusive, as amended, to construct two parking garage structures and related facilities including a structure for the use of University Hospital. You then inquire as to whether a proposal of the University Hospital Board of Trustees to include approximately 14,000 square feet of roughly finished space in the parking structure is a legal application of the University of Oklahoma's bonding authority. Title 70 O.S. 4001 [70-4001](a) (1971) was amended in the First Regular Session of the Thirty-fourth Oklahoma Legislature, specifically to authorize and include parking facilities within those enumerated facilities the usage for which the Boards of Regents for all State educational institutions are authorized to set aside a portion of the respective campuses under their jurisdiction. Section 4001(a), as amended, provides: "Subject to and in accordance with the terms hereof, the boards of regents for all State educational institutions for and in behalf of any university, college, school or institution under the jurisdiction of each of the said boards are hereby authorized from time to time to set aside such portion of their respective campuses or of the campuses under the jurisdiction of said boards, or any other land owned or leased by said boards, as may be necessary and suitable for the construction thereon of dormitories, student housing, cooperative group housing, parking facilities, adult education facilities, kitchens, dining halls, auditoriums, student union buildings, field houses, stadiums, public utility plants and systems for the supplying of water, gas heat or power to the university, college or institution or related institutions and other self-liquidating projects and other revenue-producing buildings deemed necessary by said boards for the comfort, convenience and welfare of their students, and suitable for the purposes for which said institutions were established, including additions to existing buildings used for such purposes; to acquire through construction, purchase, condemnation or any combination thereof such dormitories, student housing, cooperative group housing, parking facilities, adult education facilities, kitchens, dining halls, auditoriums, student union buildings, field houses, stadiums, public utility plants and systems and other revenue-producing buildings and acquire or construct additions, improvements and extensions to existing buildings and structures used for such purposes and to equip, furnish, maintain and operate all such buildings and structures; and to acquire through purchase, condemnation or otherwise any land, rights-of-way, easements, licenses and permits needed for the present or future use of such buildings, structures, plants and systems; provided, that such boards of regents shall not construct or acquire, for their respective institutions, such utility plants or systems whose capacity is in excess of the present or reasonably contemplated future needs of such institutions or related institutions, except as provided in subsection (c) hereof." Title 70 O.S 4002(a) (1971) provides, in part: "For the purpose of paying all or part of the cost of acquisition of any such lands, rights-of-way, easements, licenses and permits and the construction, acquisition, equipment and furnishing of any such building or buildings or structure or structures, plants or systems, or of any additions, improvements, or extensions thereto, or any additions to existing buildings, the Board of Regents of the institution for which such buildings, structures, plants or systems (all of which lands, rights-of-way, easements, licenses and permits, buildings, structures, plants and systems constructed, acquired, added to, improved or extended hereunder as a single project are hereafter referred to as 'the building') are to be constructed, acquired, added to, improved, extended, furnished or equipped (which Board of Regents or each of them is hereinafter referred to as 'the board') is authorized to borrow money on the credit of the income and revenues to be derived from the operation of the building, together with the income and revenue derived from any existing revenue-producing building or facility or facilities and, in anticipation of the collection of such income and revenues, to issue negotiable bonds in such amount as may in the opinion of the board be necessary for such purposes, and is authorized to provide for the payment of such bonds and the rights of the holders thereof as hereinafter provided. . . ." Title 70 O.S. 4013 [70-4013] (1971) provides: "The Board of Regents which by the Constitution and/or by the laws of this State is charged with the control, management and government of one or more of the universities, colleges, schools or institutions of higher education shall have for each of the universities, colleges, schools and institutions under its jurisdiction exclusive determination of need, control, and management of all self-liquidating revenue bond matters as provided for in this Article." It is apparent from the law above cited that the various boards of regents of the State educational institutions and in this case the Board of Regents of the University of Oklahoma, have been vested by the Legislature with exclusive authority to determine the need for self-liquidating projects and revenue producing buildings as deemed necessary for the "comfort, convenience and welfare of their students." It reasonably follows that it likewise comes within the exclusive province of the various boards of regents to determine the need for the issuance of revenue bonds to obtain money for the construction, acquisition, and furnishing of any such structure. Title 70 O.S. 4014 [70-4014] (1971) provides: "For each of the proposed bond issues to be issued pursuant to 70 O.S. 4001 [70-4001] through 70 O.S. 4014 [70-4014], a Statement of Essential Facts shall be prepared by the issuing Board of Regents for the use and information of prospective bond purchasers. It shall be the duty of the Oklahoma State Regents for Higher Education to examine such Statement of Essential Facts and determine that, based upon such facts and projections, the projected revenue will satisfy the financial obligation to be incurred under the proposed bond issue. If the facts are found by the State Regents to be substantially accurate and if the State Regents find that, based upon such facts and projections, the projected revenue will satisfy the financial obligation to be incurred under the proposed bond issue, then the Oklahoma State Regents for Higher Education shall certify such to the Attorney General of Oklahoma before the proposed bond issue can be approved by the Attorney General.' The certificate shall be made in substantially the following form: "The Oklahoma State Regents for Higher Education do hereby certify that the provisions of 70 O.S. 4014 [70-4014], of the Oklahoma Statutes have been complied with in proper order, for the revenue bond issue mentioned above." It is clear that, following a determination of need by the Board of Regents, a Statement of Essential Facts must be prepared and submitted to the Oklahoma State Regents for Higher Education for their examination and certification that projected revenues are sufficient to satisfy the financial obligation to be incurred under the proposed bond issue. The responsibility of the Attorney General with regard to proposed bond issues of the boards of regents is set out at 70 O.S. 4008 [70-4008] (1971) as follows: "All bonds issued hereunder shall have on the backs thereof the certificate required by 10 O.S. 29 [10-29] of the Constitution of Oklahoma. Such bonds shall be submitted to the Attorney General of Oklahoma for his examination and such bonds, when having been examined and certified as legal obligations by the Attorney General in accordance with such requirements as he may make, shall be incontestable in any court of the State of Oklahoma unless suit thereon be brought in a court having jurisdiction thereof within thirty days from the date of such approval. Bonds so approved by the Attorney General shall be prima facie valid and binding obligations according to their terms and the only defense which may be offered thereto in any suit instituted after such thirty day period shall have expired shall be forgery, fraud or violation of the Constitution." Pursuant to 70 O.S. 4008 [70-4008], it is the responsibility of the Attorney General to examine the bonds prior to their issue to ensure that such bonds are in conformity with the forms and procedures adopted and approved by the Attorney General, as Ex-Officio Bond Commissioner of the State, to ensure that when issued, they will constitute valid, legal and binding obligations of the issuing authority. The Attorney General has no authority to involve himself in the process of determining the need for the issue. Such determination is necessarily of a subjective nature and reserved by statute exclusively to the regents. It is the opinion of the Attorney General that the authority to determine the need for the proposed structure and the corresponding determination of necessity for the issuance of revenue bonds to finance same is exclusively within the province of the University of Oklahoma Board of Regents. The sole criterion by which the Board of Regents is to be guided in the exercise of that discretion is the statutory requirement that the Board must first determine such structure to be necessary for the comfort, convenience and welfare of the students of the University and suitable for the purposes for which the University was established. (WM. DON KISER)